Wai/ter R. Hart, J.
Petitioner in one proceeding, as tenant, seeks review of a determination of the State Rent Administrator which denied his protest and which directed the issuance of a certificate of eviction to his landlords. In a second proceeding, petitioner, as landlord, seeks the review of the grant of a protest to a tenant of a three-room apartment wherein the respondent ordered the revocation of a certificate of eviction theretofore issued.
From the record in the first proceeding it appears that the petitioner, his wife and a 14-year-old daughter occupy the upper floor of a two-family house. Petitioner’s present apartment consists of seven rooms and has been occupied by him since 1942. Residing with the landlords (husband and wife) are his married daughter, son-in-law and two children, aged 9 and 7 respectively. The landlords and their daughter’s family occupy the ground floor five and one-half room apartment, with kitchen and bathroom facilities in the basement. The daughter’s family occupies two bedrooms. The landlords filed their application for a certificate on the basis of good faith and compelling necessity so as to be able to afford to the daughter’s family the opportunity of living separate and apart. While petitioner contended that the application was not in good faith and that there was no compelling necessity, the Administrator concluded that the landlords *526 seek the eviction with the honest intention and desire to gain possession for the use and occupancy of their daughter’s family and that, therefore, the prerequisite of good faith was satisfied. (Matter of Rosenbluth v. FINkelsteIN, 300 N. Y. 402.) The issue of compelling necessity was resolved in landlords’ favor on the authority of Matter of Berger v. McGoldrick (133 N. Y. S. 2d 390), which holds that each family unit is entitled to have its own home undisturbed by the personal affairs of the other. There is more than ample warrant in the record to sustain the determination of the respondent and, accordingly, the motion to annul the determination of the respondent is denied.
In the proceeding for review brought by him as landlord, petitioner seeks a certificate of eviction against the tenant of a three-room apartment. The building owned by petitioner is a taxpayer containing a store on the ground floor occupied by himself as a drugstore and two apartments on the floor above. One of the apartments consists of three rooms and is occupied by Frances Scharf. The four-room apartment is occupied by Josephine Wendt. Petitioner, because of the proceedings brought against him by his landlords, applied for certificates of eviction against both apartments with a view to converting the total of seven rooms into a single five-room apartment. A certificate of eviction was granted as to the apartment of Scharf but denied as to Wendt. Both Scharf and petitioner filed protests. Upon the hearing before the State Bent Administrator, it was determined that since it was the intention of the local rent office to grant the certificate as to the four-room apartment only, that the issuance of the certificate against Scharf was in error. Accordingly, the landlord’s protest as to Wendt was granted and a certificate of eviction was directed to be issued. Scharf’s protest was,sustained and the order directed that the certificate of eviction theretofore issued for her tliree-room apartment was to be revoked. The Administrator determined that petitioner and his family would be adequately housed in the four-room apartment. Upon this motion petitioner contends that the conduct of respondent was arbitrary and capricious since on the one hand the respondent issued a certificate of eviction against him from a spacious seven-room apartment and on the other hand is compelling him to occupy a small four-room apartment; that he presently occupies 1,064.82 square feet, which includes a living room, dining room, breakfast room and three bedrooms, whereas the new accommodations containing only 539.51 square feet will afford him only one bedroom for himself" and Ms 14-year-old daughter. (It is evident with the four-room apartment petitioner will be required to forego either a second bed *527 room for his daughter’s use — or a dining room.) As a result, petitioner points out that he will be required either to store or to dispose of a great portion of his furniture since he will have available only about half of the area he now occupies. Petitioner also adverts to the fact that he has presently 42.27 square feet of storage space while the four-room apartment has only 12.7 square feet; that he and his family since his occupancy of his present apartment in 1942 have accumulated clothes, linens and other household articles that could not possibly be stored in the closet space available in a four-room apartment.
In opposition to the application, respondent, while not contesting petitioner’s good faith, contends there is no “ immediate and compelling necessity ” for the three-room apartment space in the sense that there is urgency in the situation but that the denial thereof to the petitioner would merely be a restriction of convenience; that the four-room apartment would constitute adequate housing for petitioner and his family. Such a conclusion, in the light of the facts detailed by the petitioner and not controverted by respondent, has no foundation in the record. Petitioner while adequately housed at the present will be required to occupy half the floor space and dispose of a great deal of his furniture, and household goods. He will be offered the choice of dispensing with a bedroom for his daughter or his dining room. This is not a mere inconvenience but is a hardship and is oppressive. The situation was not voluntarily created by petitioner.
The case of Matter of Edmonds v. McGoldrick (N. Y. L. J., March 20,1951, p. 995, col. 1) cited by respondent is not apropos. There the proceedings were under section 57 of the State Bent and Eviction Begulations which permit the relocation of a tenant so as to afford a landlord the opportunity to subdivide very large apartments so as to create additional self-contained units. In stating that the tenant could not be heard to complain that the new quarters would be inadequate, the court observed that he was not entitled to retain space for use of six servants so that the situation in that case is hardly comparable to the instant one. Moreover, the order of the Bent Commission in that case was conditioned on landlord’s paying for the storage of tenant’s excess furniture during the period of alteration, whereas here the petitioner is faced with the alternative of paying for the storage charges indefinitely or of selling the furniture. Bespondent also cites Matter of Goodman v. Goldberg (104 N. Y. S. 2d 382, revd. 278 App. Div. 695), which is readily distinguishable. In that case the landlord had occupancy of an *528 apartment and desired the larger space occupied by his tenant. There the court held that the finding by the Administrator that there was no compelling necessity to evict the tenant but was merely predicated on the landlord’s desire for greater convenience was warranted. Here it is indicated that the petitioner has no choice but will be compelled to surrender his adequate housing and is confronted with an alternative not voluntarily created of storing or disposing of part of his furniture and' household goods. Under the circumstances it may not be said that the four-room apartment which has been made available to him would afford'him adequate housing accommodation and the denial of the certificate of eviction for the three-room apartment was, therefore, arbitrary and capricious.
Accordingly, the motion is granted. Submit orders.